UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL CARTER,<br><br>          Plaintiff,<br><br>     vs.<br><br>C/O JIM KING, SGT. CHARLES ANDERSON and C/O RUSSELL P. MICHAEL,<br><br>          Defendants. | NO.  CV-06-5056-EFS<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE**<br><br>**28 U.S.C. § 1915(g) DISMISSAL** |

BEFORE THE COURT, is Plaintiff's First Amended Complaint (Ct. Rec. 10).  Plaintiff, a prisoner at the Washington State Penitentiary, is proceeding *pro se* and *in forma pauperis*; Defendants have not been served.  Plaintiff seeks injunctive and declaratory relief, as well as monetary damages, for alleged violations of his right to practice his religion under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et. seq*.

Plaintiff complains Defendants King and Anderson disrupted his prayers in the "Big Yard" on August 21, 2005, and ordered Plaintiff to return to his cell.  Plaintiff claims Defendant Michael then wrote a disciplinary infraction against Plaintiff regarding this incident, but admits the disciplinary proceedings ended in a finding of "not guilty."

ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE -- 1

As presented, Plaintiff's allegations fail to state a claim upon which relief may be granted.

Section 3 of RLUIPA prohibits governments from enacting regulations, including rules of general applicability, or otherwise taking actions that impose a "substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government demonstrates that imposition of that burden furthers "a compelling governmental interest" by "the least restrictive means." § 2000cc-1(a)(1)-(2). The Court assumes, as Plaintiff alleges, that prayer is a fundamental practice of his religion. Nevertheless, Plaintiff has presented only a single, isolated incident in which named Defendants acted contrary to prison policies and interfered with his prayers. He has not alleged a substantial burden on his religious exercise by the government.

At worst, Plaintiff has demonstrated a de minimus interference with his religious practice by individuals, which was subsequently remedied within the institution. Liberally construing these allegations in the light most favorable to Plaintiff, he has failed to allege facts from which the Court could infer his religious freedom was substantially burdened in violation of RLUIPA.

Again, Plaintiff admits the disciplinary actions taken against him resulted in a finding of "not guilty." An inmate has no constitutionally guaranteed protection from being wrongly accused of conduct; rather, he has a constitutional right not to be deprived of a protected liberty interest without due process. *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986), *cert. denied,* 485 U.S. 982 (1988).

ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE -- 2

Here, based on the facts presented by Plaintiff, due process was satisfied by the "not guilty" finding. "Some Administrative actions will inevitably make prisoners feel cheated; nevertheless, this does not give them a federal cause of action." *Grayson v. Rison*, 945 F.2d 1064, 1067 (9th Cir. 1991).

In the previous Order to Amend or Voluntarily Dismiss, the Court cautioned Plaintiff if he chose to amend his complaint and the Court found the amended complaint was frivolous, malicious, or failed to state a claim, the amended complaint would be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2). The Court has found Plaintiff's First Amended Complaint fails to state a cognizable claim under 42 U.S.C. § 2000cc, *et. seq*. Accordingly, **IT IS ORDERED** the First Amended Complaint is DISMISSED with prejudice.

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915**. **This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward a copy to Plaintiff at his last known address, enter judgment, and close the file. The District Court Executive is

///

ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE -- 3

further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.

**DATED** this ___16th___ day of November 2006.

                    S/ Edward F. Shea
                        EDWARD F. SHEA
                  UNITED STATES DISTRICT JUDGE

ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE -- 4